IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | |
|---|---|
| ZIX CORPORATION,<br><br>    Plaintiff,<br><br> v.<br><br>DATAMOTION, INC.,<br><br>    Defendant. | Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Zix Corporation ("ZixCorp," "Plaintiff") files this Original Complaint and demand for jury trial seeking relief for patent infringement by DataMotion, Inc. ("DataMotion," "Defendant"). ZixCorp alleges the following:

## NATURE OF THE ACTION

1. ZixCorp is a leading provider of secure email solutions, being trusted by influential institutions in the healthcare, finance, and government sectors. ZixCorp's customers include federal financial regulators, divisions of the U.S. Treasury, the Securities and Exchange commission (SEC), one in four U.S. banks, and one in five U.S. hospitals.

2. ZixCorp has a long history of innovation in the field of secure email technologies and holds fundamental patents arising from its research and development in this field. Several of these patents are at issue in this lawsuit.

3. This is an action for patent infringement that arises under the Patent Laws of the

1

United States, namely, 35 U.S.C. §§ 1 *et seq.*

## THE PARTIES

4.     Plaintiff ZixCorp is a Texas corporation, with its principal place of business located at 2711 North Haskell Avenue, Suite 2200, Dallas, Texas 75204-2960.

5.     Defendant DataMotion is a New Jersey corporation, with its principal place of business at 200 Park Avenue, Suite 302, Florham Park, New Jersey, United States 07932. DataMotion provides secure data delivery solutions, such as encrypted email. On information and belief, Defendant regularly conducts and transacts business throughout the United States, including in Texas and within the Northern District of Texas. DataMotion promotes that its SecureMail encryption solutions meet the requirements of the State of Texas' information security law.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (jurisdiction over federal questions) and 1338(a) (jurisdiction over civil actions arising under any Act of Congress relating to patents).

7.     Venue is proper in this district under 28 U.S.C. § 1391(b), (c), (d) and/or 28 U.S.C. § 1400(b). On information and belief, DataMotion conducts business in the State of Texas and this district and acts of infringement have taken place and are continuing to take place in this district.

8.     On information and belief, DataMotion is subject to this Court's jurisdiction because DataMotion does business in the State of Texas and this District, contracts to supply products and services within the State of Texas and this District, has committed and continues to commit acts of patent infringement in the State of Texas and in this District and outside the State of Texas and this District with a reasonable expectation that such acts would have consequences

within the State of Texas and this District.

## THE ZIXCORP PATENTS

9. United States Patent No. 6,732,101 ("the '101 Patent"), entitled "Secure Message Forwarding System Detecting User's Preferences Including Security Preferences," was duly and legally issued to David P. Cook by the U.S. Patent and Trademark Office on May 4, 2004, after a full and fair examination.  ZixCorp is the owner, by assignment, of the entire right, title and interest in and to the '101 Patent, including the right to bring suit with respect to any past, present, and future infringement of the '101 Patent.  A true and correct copy of the '101 Patent is attached as Exhibit A.

10. United States Patent No. 7,539,725 ("the '725 Patent"), entitled "Auditor System," was duly and legally issued to Daniel Nutkis by the U.S. Patent and Trademark Office on May 26, 2009, after a full and fair examination.  ZixCorp is the owner, by assignment, of the entire right, title and interest in and to the '725 Patent, including the right to bring suit with respect to any past, present, and future infringement of the '725 Patent.  A true and correct copy of the '725 Patent is attached as Exhibit B.

11. United States Patent No. 7,475,256 ("the '256 Patent"), entitled "Secure Message Forwarding System Detecting User's Preferences Including Security Preferences," was duly and legally issued to David P. Cook by the U.S. Patent and Trademark Office on January 6, 2009, after a full and fair examination.  ZixCorp is the owner, by assignment, of the entire right, title and interest in and to the '256 Patent, including the right to bring suit with respect to any past, present, and future infringement of the '256 Patent.  A true and correct copy of the '256 Patent is attached as Exhibit C.

## COUNT I: INFRINGEMENT
## OF U.S. PATENT NO. 6,732,101

12. ZixCorp repeats and realleges the allegations set forth in paragraphs 1 through 11 above, as if fully set forth herein.

13. Upon information and belief, Defendant has been and now is directly infringing the '101 Patent, literally and/or under the doctrine of equivalents, by making, using, selling and/or offering for sale in the United States, and/or importing into the United States, software products and/or services falling within the scope of one or more claims of the '101 Patent, including but not limited to DataMotion's SecureMail solutions such as, for example, SecureMail Desktop, SecureMail Gateway, SecureMail Automation, SecureForms, and SecureMail API Program ("Accused Products and Services").

14. Upon information and belief, the Accused Products and Services, including but not limited to secure messaging features, directly infringe one or more claims of the '101 Patent, including but not limited to Claims 1 and 27, in violation of 35 U.S.C. § 271. By way of example and without limitation, the Accused Products and Services directly infringe at least Claim 1 of the '101 Patent by providing secure E-mail messaging services, as described on DataMotion's website. For example, upon information and belief, DataMotion's SecureMail Gateway comprises a computing system for providing secure E-mail services comprising: a forwarding engine executing on a computer operable to receive an E-mail message for delivery to a recipient; store the message at least temporarily in a storage means; check for recipient preferences for delivery of the E-mail message content including security preferences, the security preferences specifying an encryption preference; if no preference for delivery is specified or if Web-based delivery is specified, provide an E-mail notification to the recipient including a secure link to the message; and if a preference for delivery other than Web-based is

specified, deliver the message in accordance with the recipient's delivery preference including encrypting the message in accordance with the encryption preference.

15. Pursuant to 35 U.S.C. § 271(b), DataMotion is liable for inducement by continuing to knowingly and intentionally cause the direct infringement of the '101 Patent, including but not limited to Claims 1 and 27, by its customers. At least as of the date of service of this Complaint, if not earlier, DataMotion has knowledge of the '101 Patent. Upon information and belief, with knowledge of the '101 Patent, knowledge of the Accused Products and Services and knowledge of its customers' secure email systems that use the Accused Products and Services, DataMotion continues to knowingly and intentionally cause its customers to directly infringe the '101 Patent. DataMotion does so through various means, including but not limited to, the promotional materials and support services on its website, www.datamotion.com, the marketing and sales of the Accused Products and Services to its customers, the performance of the Accused Services, and providing support services to its customers.

16. Pursuant to 35 U.S.C. § 271(c), DataMotion is liable for contributory infringement of the '101 Patent by continuing to sell and offering to sell its Accused Products and Services to its customer for use in their secure email systems which directly infringe one or more claims of the '101 Patent. At least as of the date of service of this Complaint, if not earlier, DataMotion has knowledge of the '101 Patent. DataMotion has knowledge of the structure and operation of its Accused Products and Services and on information and belief it has knowledge of the structure and operations of its customers' secure email systems which utilize the Accused Products and Services. On information and belief, with this knowledge DataMotion knows that its Accused Products and Services are a material component of its customers' infringing secure

email systems, and knows that its Accused Products and Services have no other substantial non-infringing use, are not staple articles or commodities of commerce and are especially made or adapted for use in infringing the '101 Patent. Furthermore, on information and belief, with this knowledge DataMotion has knowledge that its customers' secure email systems utilizing the Accused Products and Services infringe one or more claims of the '101 Patent.

17. As a result of Defendant's infringement of the '101 Patent, ZixCorp has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court. As a consequence of DataMotion's infringement, ZixCorp is entitled to recover damages adequate to compensate for the infringement complained of herein, but in no event less than a reasonable royalty.

18. ZixCorp has suffered irreparable injury as a direct and proximate result of DataMotion's infringement for which there is no adequate remedy at law. Unless a permanent injunction is issued enjoining DataMotion and its agents, servants, employees, representatives, affiliates, partners and all others acting in concert with Defendants from infringing the '101 Patent, ZixCorp will be greatly and irreparably harmed as a direct and proximate result of DataMotion's conduct.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 7,539,725

19. ZixCorp repeats and realleges the allegations set forth in paragraphs 1 through 11 above, as if fully set forth herein.

20. Upon information and belief, Defendant has been and now is directly infringing the '725 Patent, literally and/or under the doctrine of equivalents, by making, using, selling and/or offering for sale in the United States, and/or importing into the United States, software products and/or services falling within the scope of one or more claims of the '725 Patent,

including but not limited to DataMotion's SecureMail solutions such as, for example, SecureMail Desktop, SecureMail Gateway, SecureMail Automation, SecureForms, and SecureMail API Program ("Accused Products and Services").

21. Upon information and belief, the Accused Products and Services, including but not limited to secure messaging features, directly infringe one or more claims of the '725 Patent, including but not limited to Claim 1, in violation of 35 U.S.C. § 271. By way of example and without limitation, the Accused Products and Services directly infringe at least Claim 1 of the '725 Patent by providing secure E-mail messaging services, as described on DataMotion's website. For example, upon information and belief, DataMotion's SecureMail Gateway performs a method for analyzing email comprising the steps of: capturing email transferred over a network without interfering with the delivery of the email; transferring the captured email to a data analyzer; and analyzing the captured email, including: scanning the captured email for search terms defined in a lexicon, the lexicon having a structure and including a hierarchy having one or more general categories, wherein one of the one or more general categories is confidential information, which contains one or more subcategories that are types of confidential information, and the method further comprises: identifying trends based on the types of confidential information contained in the email as defined in the one or more subcategories.

22. Pursuant to 35 U.S.C. § 271(b), DataMotion is liable for inducement by continuing to knowingly and intentionally cause the direct infringement of the '725 Patent, including but not limited to Claim 1, by its customers. At least as of the date of service of this Complaint, if not earlier, DataMotion has knowledge of the '725 Patent. Upon information and belief, with knowledge of the '725 Patent, knowledge of the Accused Products and Services and knowledge of its customers' secure email systems that use the Accused Products and Services,

DataMotion continues to knowingly and intentionally cause its customers to directly infringe the '725 Patent.  DataMotion does so through various means, including but not limited to, the promotional materials and support services on its website, www.datamotion.com, the marketing and sales of the Accused Products and Services to its customers, the performance of the Accused Services, and providing support services to its customers.

23. Pursuant to 35 U.S.C. § 271(c), DataMotion is liable for contributory infringement of the '725 Patent by continuing to sell and offering to sell its Accused Products and Services to its customer for use in their secure email systems which directly infringe one or more claims of the '725 Patent.  At least as of the date of service of this Complaint, if not earlier, DataMotion has knowledge of the '725 Patent.  DataMotion has knowledge of the structure and operation of its Accused Products and Services and on information and belief it has knowledge of the structure and operations of its customers' secure email systems which utilize the Accused Products and Services.  On information and belief, with this knowledge DataMotion knows that its Accused Products and Services are a material component of its customers' infringing secure email systems, and knows that its Accused Products and Services have no other substantial non-infringing use, are not staple articles or commodities of commerce and are especially made or adapted for use in infringing the '725 Patent.  Furthermore, on information and belief, with this knowledge DataMotion has knowledge that its customers' secure email systems utilizing the Accused Products and Services infringe one or more claims of the '725 Patent.

24. As a result of Defendant's infringement of the '725 Patent, ZixCorp has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.  As a consequence of DataMotion's infringement, ZixCorp is entitled to recover damages adequate to compensate for

the infringement complained of herein, but in no event less than a reasonable royalty.

25. ZixCorp has suffered irreparable injury as a direct and proximate result of DataMotion's infringement for which there is no adequate remedy at law. Unless a permanent injunction is issued enjoining DataMotion and its agents, servants, employees, representatives, affiliates, partners and all others acting in concert with Defendants from infringing the '725 Patent, ZixCorp will be greatly and irreparably harmed as a direct and proximate result of DataMotion's conduct.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 7,475,256

26. ZixCorp repeats and realleges the allegations set forth in paragraphs 1 through 11 above, as if fully set forth herein.

27. Upon information and belief, Defendant has been and now is directly infringing the '256 Patent, literally and/or under the doctrine of equivalents, by making, using, selling and/or offering for sale in the United States, and/or importing into the United States, software products and/or services falling within the scope of one or more claims of the '256 Patent, including but not limited to DataMotion's SecureMail solutions such as, for example, SecureMail Desktop, SecureMail Gateway, SecureMail Automation, SecureForms, and SecureMail API Program ("Accused Products and Services").

28. Upon information and belief, the Accused Products and Services, including but not limited to secure messaging features, directly infringe one or more claims of the '256 Patent, including but not limited to Claims 4 and 12, in violation of 35 U.S.C. § 271. By way of example and without limitation, the Accused Products and Services directly infringe at least Claims 4 and 12 of the '256 Patent by providing secure E-mail messaging services, as described on DataMotion's website. For example, upon information and belief, DataMotion's SecureMail

Gateway comprises a computing system for providing secure message services for messages addressed to multiple recipients, comprising: a forwarding engine executing on a computer operable to: receive an encrypted message and a list of recipients; decrypt the encrypted message; determine a delivery preference for each recipient in the list of recipients; for each recipient that has a delivery preference, re-encrypt the message and deliver the re-encrypted message in accordance with the delivery preference; and for each recipient that does not have a delivery preference, notify the recipient that the message is available for retrieval.

29. Pursuant to 35 U.S.C. § 271(b), DataMotion is liable for inducement by continuing to knowingly and intentionally cause the direct infringement of the '256 Patent, including but not limited to Claims 4 and 12, by its customers. At least as of the date of service of this Complaint, if not earlier, DataMotion has knowledge of the '256 Patent. Upon information and belief, with knowledge of the '256 Patent, knowledge of the Accused Products and Services and knowledge of its customers' secure email systems that use the Accused Products and Services, DataMotion continues to knowingly and intentionally cause its customers to directly infringe the '256 Patent. DataMotion does so through various means, including but not limited to, the promotional materials and support services on its website, www.datamotion.com, the marketing and sales of the Accused Products and Services to its customers, the performance of the Accused Services, and providing support services to its customers.

30. Pursuant to 35 U.S.C. § 271(c), DataMotion is liable for contributory infringement of the '256 Patent by continuing to sell and offering to sell its Accused Products and Services to its customer for use in their secure email systems which directly infringe one or more claims of the '256 Patent. At least as of the date of service of this Complaint, if not earlier,

DataMotion has knowledge of the '256 Patent. DataMotion has knowledge of the structure and operation of its Accused Products and Services and on information and belief it has knowledge of the structure and operations of its customers' secure email systems which utilize the Accused Products and Services. On information and belief, with this knowledge DataMotion knows that its Accused Products and Services are a material component of its customers' infringing secure email systems, and knows that its Accused Products and Services have no other substantial non-infringing use, are not staple articles or commodities of commerce and are especially made or adapted for use in infringing the '256 Patent. Furthermore, on information and belief, with this knowledge DataMotion has knowledge that its customers' secure email systems utilizing the Accused Products and Services infringe one or more claims of the '256 Patent.

31. As a result of Defendant's infringement of the '256 Patent, ZixCorp has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court. As a consequence of DataMotion's infringement, ZixCorp is entitled to recover damages adequate to compensate for the infringement complained of herein, but in no event less than a reasonable royalty.

32. ZixCorp has suffered irreparable injury as a direct and proximate result of DataMotion's infringement for which there is no adequate remedy at law. Unless a permanent injunction is issued enjoining DataMotion and its agents, servants, employees, representatives, affiliates, partners and all others acting in concert with Defendants from infringing the '256 Patent, ZixCorp will be greatly and irreparably harmed as a direct and proximate result of DataMotion's conduct.

**DEMAND FOR JURY TRIAL**

33. ZixCorp demands a trial by jury of any and all causes of action.

**PRAYER FOR RELIEF**

ZixCorp respectfully requests that this Honorable Court enter preliminary and final orders and judgments against DataMotion as are necessary to provide ZixCorp with the following relief:

A.  A judgment in favor of ZixCorp that Defendant has directly infringed the '101 Patent, the '725 Patent, and the '256 Patent;

B.  A judgment in favor of ZixCorp that Defendant has induced the infringement of the '101 Patent, the '725 Patent, and the '256 Patent;

C.  A judgment in favor of ZixCorp that Defendant has contributorily infringed the '101 Patent, the '725 Patent, and the '256 Patent;

D.  A judgment that DataMotion and any of their affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for any of them and/or on any of their behalf, or acting in concert with any of them directly or indirectly, be enjoined from infringing, inducing other to infringe or contributing to the infringement of the '101 Patent, the '725 Patent, and the '256 Patent;

E.  A judgment and order requiring DataMotion to pay ZixCorp its compensatory damages, costs, expenses, and prejudgment and post-judgment interest as allowed by law;

F.  A judgment against DataMotion, and in favor of ZixCorp in all respects;

G.  A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to ZixCorp its reasonable attorneys' fees; and

H.  A judgment for any such other and further relief as the Court deems just and equitable.

Dated: December 7, 2015             Respectfully submitted,

By:   */s/* Kathryn Juffa
Kathryn Juffa
Texas Bar No. 24065529
**BAKER BOTTS, L.L.P.**
2001 Ross Avenue
Dallas TX 75201-2980
E-mail:  katie.juffa@bakerbotts.com
Telephone: (214) 953-6430
Fax: (214) 661-4430

Luke K. Pedersen *(admission pending)*
Texas Bar No. 24002742
E-mail: luke.pedersen@bakerbotts.com
Telephone: (202) 639-7730
Fax: (202) 585-1056
David M. Schlitz *(pro hac vice submitted)*
District of Columbia Bar No. 333369
**BAKER BOTTS, L.L.P.**
The Warner
1299 Pennsylvania Ave., NW
Washington, DC 20004
E-mail: david.schlitz@bakerbotts.com
Telephone: (202) 639-7802
Fax: (202) 965-5729

*Counsel for Plaintiff*
*ZIX, CORPORATION*